# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| DAVID L. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-00064-ACL |
| | ) |
| AT&T INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff David L. Jones's application to proceed in the district court without prepayment of fees and costs. Based on the financial information submitted in support, the application will be granted. Additionally, plaintiff's complaint will be dismissed for failure to state a claim upon which relief may be granted.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this civil complaint against defendant AT&T Inc. under 42 U.S.C. § 1983 for violations of the Fourth Amendment and under Title VII of the civil rights act. In his complaint, plaintiff alleges that in 2005 he bought his first cellular telephone, presumably from AT&T Inc. or serviced by AT&T Inc. He states that his cellular telephone had internet access and he discovered pornography sites on the internet. He continues that these pornographic sites "explained why I was seeing naked people on my walls in my house. Someone was talking to me from those porn sites and porn site porn is usually made from people's home using laptops, computer, phones, camcorders."

Plaintiff alleges he is entitled to damages because AT&T Inc. "gave the general public through their cell [and] smart phones, and landline my phone number and allowed the FBI to tap and monitor me through their phone service. Also gave out my gmail address." For relief, plaintiff seeks $266 billion in punitive damages.

## Discussion

The Court finds that plaintiff's allegations are factually frivolous, and will dismiss the complaint for this reason under 28 U.S.C. § 1915(e)(2)(B). "[A] court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (internal quotations and citations omitted). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* As

2

the Supreme Court has stated, district courts are "all too familiar" with these types of claims, and are in the best position to determine which claims are factually frivolous. *Id.*

Reading the complaint as a whole, plaintiff is alleging AT&T Inc. was somehow involved in a conspiracy with the FBI to wiretap and monitor plaintiff's telephone. He also alleges that pornography sites on the internet were talking to him and he was seeing naked people on the walls of his home. The Court finds these claims clearly baseless and subject to dismissal.

Additionally, plaintiff's allegations appear to concern conduct from 1972 to the present. "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992). Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. *Sulik v. Taney Cty., Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). Plaintiff's claims appear to be at least seventeen years old, and are thus subject to dismissal under the statute of limitations.

For the foregoing reasons, the Court will order this action dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in district court without prepaying fees or costs is **GRANTED**.  [ECF No. 3]

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 2]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this <u>23rd</u> day of May, 2022.

                                             STEPHEN N. LIMBAUGH, JR.
                                             SENIOR UNITED STATES DISTRICT JUDGE